UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA BOYKIN,
et al.,
        Plaintiffs,                CIVIL ACTION NO.  09-CV-10234-AA

 VS.                                 DISTRICT JUDGE JOHN CORBETT O'MEARA

COMERICA MANAGEMENT      MAGISTRATE JUDGE MONA K. MAJZOUB
CO., INC., et al.,
        Defendants.
                              /

**OPINION AND ORDER RESOLVING DISCOVERY MOTIONS**

This matter comes before the Court on several discovery motions: Defendants' Emergency Motion to Compel (docket no. 21) and Emergency Motion to Expedite Hearing (docket no. 21); Plaintiffs' Motion to Extend Time to Complete Notice Discovery and Related Motion Practice (docket no. 27); and, Plaintiffs' Motion to Compel Answers to Interrogatories (docket no. 29). All of these motions have been referred to the undersigned for decision. (Docket nos. 23, 30). There has been a Response and Reply filed to Defendants' Motion to Compel. (Docket nos. 26, 28). In addition, Defendants have responded to Plaintiffs' Motion to Extend Time. (Docket no. 31). Finally, Defendants have responded to Plaintiffs' Motion to Compel. (Docket no. 34). These motions are now ready for ruling. The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).

       **1.**        **Facts and Claims**

Plaintiffs are two former employees of Defendants. (Docket no. 12). Plaintiff Boykin was employed as a Retail Personal Banker and Retail Personal Banker II over a period of approximately 30 years. (*Id*. at 5). Plaintiff Richardson was employed by Defendants as a Customer Service

Representative and Retail Personal Banker over a period of approximately 31 years. (*Id*.). Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA) based on Defendants' alleged violation of their obligation to pay overtime wages to all non-exempt employees for work in excess of 40 hours per week. (*Id*. at 2). Defendants are Comerica, Inc., Comerica Management Co., Inc., and Comerica Bank (collectively Comerica). Plaintiffs seek to have this action classified as a class action including as Plaintiffs those current and former employees of Defendants in the State of Michigan who are similarly situated to themselves. (*Id*. at 4).

Judge O'Meara entered a scheduling order on April 1, 2009 setting the close of notice discovery for June 30, 2009. (Docket no. 14). This Order also sets a deadline of July 30, 2009 for "Plaintiffs' Motion Re: Notice." (*Id*.). A response to that motion is due by August 31, 2009, and any Reply is due by September 15, 2009. (*Id*.).

**2.      Defendants' Motion to Compel and to Expedite Hearing**

Defendants move to compel the depositions of the two Plaintiffs pursuant to Fed. R. Civ. P. 37. In conjunction with this Motion, Defendants seek expedited consideration because the discovery period closed on June 30, 2009. (Docket no. 21). Defendants argue that they have made repeated, unsuccessful attempts to schedule Plaintiffs' depositions including serving notices of depositions for May 19 and 20, 2009 and for June 4 and 5, 2009. (*Id*. at 6-7).

Plaintiffs in response refer to the other written discovery that has been taking place and complain that Defendants have not properly responded to the discovery served upon them. (Docket no. 26 at 3). Plaintiffs argue that they are "extremely concerned that they will be 'ambushed' at their depositions, with redacted documents containing visible content favorable exclusively to

COMERICA." (Docket no. 26 at 4). Regarding the depositions noticed for April 9 and 10, 2009, Plaintiffs argue that they could not proceed because their local counsel was in the process of withdrawing, discovery was outstanding, and Plaintiffs' counsel had conflicting personal commitments in California. (*Id*. at 5). With respect to those noticed for June 4, 2009, Plaintiffs state that their counsel proposed a joint extension of time to complete discovery and to move for conditional class certification, but Defendants refused to consent to an extension without reasonable cause. (*Id*.).

Plaintiffs do not therefore contend the notices of their depositions were deficient in any manner. Defendants are clearly entitled to take Plaintiffs' depositions under Fed. R. Civ. P. 30(a)(1). Plaintiffs have not shown that the outstanding discovery should delay the taking of their depositions. Therefore, the Court will grant Defendants' Motion to Compel and order that the Plaintiffs' depositions be taken as soon as possible.

### 3. Plaintiffs' Motion to Extend Time

Plaintiffs seek an extension of the time for completing discovery until October 1, 2009, which would be approximately 90 days from the current deadline. Plaintiffs also seek an extension of other deadlines, such as until October 30, 2009 to send notice to potential class members and to file motions for class certification. (Docket no. 27 at 4). Defendants argue that no good cause has been shown to modify the scheduling order that is now in effect. (Docket no. 31).

Because the Plaintiffs' depositions have not yet been taken, at least this type of discovery will be ongoing for some time. In addition, as will be discussed below, Defendants will also be ordered to supplement their written discovery responses. Therefore, in part because as a practical matter discovery will be continuing, the Court finds good cause pursuant to Fed. R. Civ. P. 16(b)(4)

3

to extend the discovery deadline. That extension will necessitate the extension of other deadlines. Accordingly, Plaintiffs' Motion for an Extension of Time will be granted as set out below.

**4.     Plaintiffs' Motion to Compel Answers to Interrogatories**

Plaintiffs move to compel Defendants to supplement their answers to five interrogatories which were served in Plaintiffs' First Set of Interrogatories and to provide privilege and redaction logs. (Docket no. 29). Interrogatory 1 asks Defendants to identify the names of former Comerica Bank employees in Michigan holding three job titles from January 2006 to the present. (Docket no. 29 at 8). Interrogatory 2 seeks information about those persons identified in Interrogatory 1 such as dates of employment, branch locations where they worked, and addresses. (*Id*. at 9-10). Interrogatory 3 asks Defendants to identify the names of current Comerica Bank employees in Michigan holding three job titles from January 2006 to the present. (*Id*. at 10). Interrogatory 4 asks for the dates of employment and addresses for those persons identified in Interrogatory 3. (*Id*.). Finally, Interrogatory 14 asks for the total number of persons employed by Comerica Bank in the State of Michigan from January 2006 to the present whose job title and/or duties fall within the definition of the Class. (*Id*.).

Defendants objected to these Interrogatories on the bases that the Interrogatories were overly broad, unduly burdensome, and sought irrelevant information. (Docket no. 29 at 8-11). Defendants particularly objected to the request for a statewide list of employees when Plaintiffs were employed only at one branch throughout the limitations period. (*Id*.). Defendants supplemented their original responses to state that, excluding Plaintiffs, no former Comerica employee served as a Retail Personal Banker II at Branch No. 72 during the relevant period. (*Id*. at 9).

At this stage of this action, the class has not been certified. District courts have come down on both sides of the issue of whether discovery of the names and addresses of potential class members should be allowed prior to class certification. The only possible binding authority cited by the parties and found by the Court is *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

In *Sperling*, an age discrimination action, the Court found that the lower court properly allowed discovery of the names and addresses of similarly situated employees. The Court stated that "[w]ithout pausing to explore alternative bases for the discovery, for instance that the employees might have knowledge of other discoverable matter, we find it suffices to say that the discovery was relevant to the subject matter of the action and that there were no grounds to limit the discovery under the facts and circumstances of this case." (*Id*. at 170). There is no mention that the class had already been certified at the time that this discovery was allowed. However, the employees had filed "over 400 consents" from potential plaintiffs wishing to join the action. (*Id*. at 168). Courts have relied upon *Sperling* in holding that discovery of names and addresses of other potentially similarly-situated employees should be allowed prior to class certification. *See Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671-73 (D. Kan. 2003) (citing other cases and noting that a "few courts have required that a conditional class be certified prior to permitting discovery of putative class members.").

In contrast to the factual situation in *Sperling*, there is no indication that any other plaintiffs wish to join this action. Defendants show that by an interrogatory they requested both Plaintiffs to identify all persons with knowledge of the alleged common practice of failing to pay for "off the clock" and overtime hours as well as identify any communications related to the common plan.

5

(Docket no. 34-4 at 2, 6).  Both Plaintiffs responded that they were "without any knowledge and/or information in connection with identity of any communications related to" the common plan or practice.  (*Id.*).  Plaintiffs did not identify any other person with knowledge of this alleged practice.  Defendants also state, without dispute from Plaintiffs, that at the time Defendants filed their Response on July 13, 2009, no other person has filed a consent form to join this action.  (Docket no. 34 at 4).  *Sperling* is, therefore, distinguishable from the present action.

In similar circumstances, courts have been wary to allow broad discovery aimed at identifying additional plaintiffs.  In *Knutson v. Blue Cross and Blue Shield of Minnesota*, 254 F.R.D. 553, 557-58 (D. Minn. 2008), the court refused to compel disclosure of contact information after noting that precedent recognizes that a collective-action plaintiff is entitled to contact information for other employees only if she can show that such information is discoverable for some reason other than facilitating notice to plaintiffs.  The *Knutson* court also noted that Plaintiff had made "only the weakest of showings" that the case was appropriate for class certification and that due to the plaintiff's long-time employment, it was likely that the plaintiff already knew the identity of many other possible plaintiffs.  (*Id.*).  *See also Crawford v. Dothan City Bd. of Education*, 214 F.R.D. 694 (M.D. Ala. 2003) (denying discovery of defendant's employees prior to conditional class certification as premature).

Because Plaintiffs have not provided any evidence that other persons are possible plaintiffs in this action, the burden of compelling Defendants to provide statewide discovery of their employees is undue.  Because of their longtime employment by Defendants, Plaintiffs likely possess identifying information for some possible plaintiffs.  On the other hand, Plaintiffs have made claims in their Complaint which cause the requested information to be relevant to the claims of the action.

By way of example, Plaintiffs in their Amended Complaint allege that they and "similarly situated members of the Class" were required by Defendants to work "off the clock" hours each week. (Docket no. 12 ¶ 27). They further allege that their claims are representative of Comerica's "uniform business practices in their branch banking locations throughout the State of Michigan." (*Id*. ¶ 35). Plaintiffs' second claim for relief is a collective action claim for violations of the Fair Labor Standards Act. (*Id*. at 10). The identity of these similarly situated potential class members are therefore relevant to the claims of Plaintiffs.

In consideration of the weak showing of class interest by Plaintiffs, the burden on Defendants, and the pre-certification stage of this action, the Court will limit the scope of the discovery propounded by Plaintiffs. *See* Fed. R. Civ. P. 37(a)(5)(C) & 26(c). For interrogatories 1-4 and 14, the applicable geographic area will be changed from the State of Michigan to the 20 full-service branch banking locations of Defendants which are closest geographically to Branch 72 (where Plaintiffs were employed) which is located at 16933 Meyers Rd., Detroit, Michigan 48235. With that modification, Plaintiffs' motion with respect to these interrogatories will be granted.

Rule 26(b)(5), Fed. R. Civ. P., requires a party to provide a privilege log when it withholds otherwise discoverable information on the basis of a privilege. If Defendants have withheld information on privilege grounds, they must serve a privilege log on Plaintiffs on or before August 7, 2009.

**IT IS THEREFORE ORDERED** that Defendants' Emergency Motion to Compel and to Expedite Hearing (docket no. 21) is **GRANTED**, and that Plaintiffs' depositions be completed on or before August 14, 2009.

7

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Extend Time (docket no. 27) is **GRANTED** to the extent that Notice Discovery must be completed by August 31, 2009; Plaintiffs' Motion re: Notice must be filed by September 30, 2009 with Responses due October 30, 2009, and Replies, if any, due November 15, 2009.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel (docket no. 29) is **GRANTED IN PART**, and that Defendants must supplement their responses to Plaintiffs' First Set of Interrogatories as modified above, and serve any required privilege log, on or before August 7, 2009, and is otherwise **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 22, 2009                    s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 22, 2009                    s/ Lisa C. Bartlett
                                        Courtroom Deputy